**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Chan-Li Prayitno on behalf of plaintiff and the class members defined below, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 17-cv-4310 |
| | ) | Honorable Jorge L. Alonso |
| Nextep Funding LLC, | ) | |
| Defendant, | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT – CLASS ACTION**

The Complaint alleges that a transmission shop in Illinois repaired a car owned by Plaintiff Chan-Li Prayitno ("Prayitno") and that defendant Nextep Funding LLC ("Nextep") financed the repairs (the "Transaction"). All three counts of the Complaint arise from Prayitno's allegation that the Transaction, while documented as a consumer lease, was in fact a loan. Count I claims that Nextep failed to give the disclosures required under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (the "TILA") when certain loans are made. Count II claims that the payments to be made by Prayitno to Nextep would be usurious under the Illinois Interest Act, 815 ILCS § 205/1 *et seq*. (the "Interest Act") and the Illinois Consumer Installment Loan Act, 205 ILCS § 670/1, *et seq*. (the "CILA") if the Transaction were a loan. Count III alleges that styling the Transaction as a lease was a deceptive act and unfair practice under the Illinois Consumer Fraud Act, 815 ILCS §505/1 *et seq*. (the "ICFA").

Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") because it alleges only a "bare procedural violation," that is "divorced of any concrete harm," and therefore Prayitno lacks standing under the Supreme Court's recent decision in *Spokeo, Inc.*

*v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*"). Because Count I is the only predicate for federal question jurisdiction, the Court should decline supplemental jurisdiction over Counts II and III, which allege only state-law claims.

Counts II and III should also be dismissed for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Count II must be dismissed because even if the Transaction was not a lease, it was the financing of a sale of goods or services rather than a loan of money, and therefore the Interest Act and the CILA would not apply.

Count III fails to contain the required allegations that Prayitno suffered any actual harm or that the alleged deceptive and unfair acts proximately caused his injury. In addition, Prayitno fails to include allegations of violation of public policy, or oppressiveness or substantial injury, which are required when unfair (as opposed to deceptive) practices are claimed.

Nextep therefore respectfully requests that the Court dismiss the Complaint.

## I. ALLEGATIONS OF THE COMPLAINT

Prayitno alleges that he visited a transmission shop in February of 2017 to get his car repaired. Dkt. 1, Compl. ¶ 10. Because he did not have sufficient funds, the shop presented him with a contract from Nextep to provide financing. *Id.* at ¶ 13; Dkt. 1-1. The contract stated the amount financed and the repayment schedule. *See* Dkt. 1-1 at p. 2 of 7. Nevertheless, the Complaint alleges that the contract, though titled a "lease" was in fact a loan, and that by calling it a "lease," Nextep was able to evade certain disclosure requirements and charge an impermissible interest rate. Dkt. 1, Compl. ¶¶ 16, 41-42.

Count I alleges that by documenting the loan as a "lease," Nextep failed to provide Prayitno with certain TILA disclosures. *Id.* at ¶¶ 31-32. Count II alleges that by documenting the loan a "lease," Nextep was able to charge an interest rate higher than allowed by the Interest Act or the CILA, *id.* at ¶¶ 41-42, and that under the CILA, a loan by an unlicensed lender is void.

*Id.* at ¶ 43. Count III alleges that the Transaction violates the ICFA in several ways. *Id.* at ¶¶ 52-57.

Class allegations are pled for each count, but they are not presently at issue.[1]

## II. STANDARD OF REVIEW

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Vera v. Mondelez Glob. LLC*, No. 16 C 8192, 2017 U.S. Dist. LEXIS 38328, at *1-2, 2017 WL 1036509 (N.D. Ill. Mar. 17, 2017). Nevertheless, "'[w]here jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raise[d] the jurisdictional challenge[.]'" *Id.* at *2 (quoting *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)). Accordingly, "[t]he plaintiff must clearly allege facts demonstrating each element of standing to invoke federal jurisdiction." *McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 U.S. Dist. LEXIS 100404, at *5, 2016 WL 4077108 (N.D. Ill. Aug. 1, 2016) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *Id.* "To survive dismissal, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also be facially plausible." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

[1] On August 24, the Court denied Prayitno's class certification motion as premature.

## III. ARGUMENT

### A. Count I Should be Dismissed For Lack of Subject Matter Jurisdiction Because Plaintiff Lacks Standing

The Complaint simply states that "[b]y documenting a loan as a 'lease' defendant failed to provide any of the TILA disclosures required for a loan . . . including the amount financed, the finance charge, the annual percentage rate, and the payment schedule." Dkt. 1, Compl. ¶ 32.

In *Spokeo*, the Supreme Court explained that in order to establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (citation and internal quotation marks omitted). Notably, the Court explained that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right[,]" and that a plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement" of standing. *Id.* at 1549.

#### 1. Numerous courts in various jurisdictions have dismissed bare allegations of procedural TILA violations following *Spokeo*.

While *Spokeo* dealt with the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"), "[p]ost-*Spokeo* decisions make clear that this requirement applies to TILA; that is, a complaint that alleges a technical TILA violation, but fails to allege a concrete or particularized injury, must be dismissed." Ex. 1, *Pemental v. Bank of N.Y. Mellon*, No. 16-483S, 2017 U.S. Dist. LEXIS 122971, at *18 (D.R.I. May 10, 2017).

In *Strubel v. Comenity Bank*, 842 F.3d 181, 185-186 (2d Cir. 2016), the plaintiff claimed violation of four specific TILA credit card billing-rights disclosure provisions. The Second Circuit focused on *Spokeo's* instruction that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* at 190 (quoting *Spokeo*, 136 S. Ct. at 1549). The court found standing for the first two of the alleged TILA violations, but not for the second two. *Id.* at 191-94. In pleading one of the two violations where the court determined that plaintiff lacked standing, plaintiff "[did] not assert that the allegedly flawed notice caused her credit behavior to be different from what it would have been had the credit agreement tracked the [proper language]." *Id.* at 193.

Subsequently, two district courts within the Second Circuit have dismissed TILA claims similar to those pled here. In Ex. 2, *Kelen v. Nordstrom, Inc.*, 2016 U.S. Dist. LEXIS 175028, at *13, 15 (S.D.N.Y. Dec. 16, 2016), the court found TILA allegations deficient where plaintiff "fail[ed] to allege that [defendant's] allegedly faulty disclosure caused her to alter her behavior in any way, or that [defendant] violated any obligation to her in connection with it." Similarly, in *Schwartz v. HSBC Bank USA, N.A.*, 2017 U.S. Dist. LEXIS 3410, at *15, 2017 WL 95118 (S.D.N.Y. Jan. 9, 2017), plaintiff alleged that "[t]he failure to so furnish the amount of a potential Penalty APR [required by the TILA] . . . serves to impinge on consumers' awareness . . . constituting a concrete harm and creating a material risk of concrete harm." The court dismissed the complaint because "'at the pleading stage, the plaintiff must clearly allege facts demonstrating each element' of standing," *id.* (quoting *Spokeo*, 136 S.Ct. at 1547), and "[m]ere incantations of concrete harm and material risk of concrete harm, or the purpose statement of

TILA, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete injury." *Id.* at *15-16 (citation an internal quotation marks omitted).

Courts in other jurisdictions have similarly dismissed TILA claims based on *Spokeo*. *See, e.g.,* Ex. 1, *Pemental*, 2017 U.S. Dist. LEXIS 122971, at *17 ("arcing over all is Plaintiff's failure to allege actual, imminent, concrete and particularized injury-in-fact."); *Jamison v. Bank of Am., N.A.*, 194 F. Supp. 3d 1022, 1028-29, 1031 (E.D. Cal. 2016); and *Jamison v. Bank of Am., N.A.*, No. 2:16-cv-00422-KJM-AC, 2017 U.S. Dist. LEXIS 125512, at *13, 2017 WL 3394120 (E.D. Cal. Aug. 8, 2017) (dismissing amended TILA claim without leave to amend).

**2. The Seventh Circuit and the Northern District of Illinois have dismissed allegations of similar statutory violations following *Spokeo.***

While it does not appear that the Seventh Circuit or courts in the Northern District of Illinois have analyzed *Spokeo's* standing requirement in the context of TILA, they have dismissed claims of procedural violations of similar federal statutes for lack of standing.

The Seventh Circuit has found that there was no standing in *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 725, 727 (7th Cir. 2016) (merchant failed to truncate credit card number and wrote expiration date on receipt in violation of 15 U.S.C. §1681c(g)(1), but the allegations "demonstrate[d] that [plaintiff] did not suffer any harm . . . [n]or has the violation created any appreciable risk of harm."); *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 910, 911 (7th Cir. 2017) (where cable operator failed to destroy personally identifiable information in violation of 47 U.S.C. §551(e), court reasoned that "while [plaintiff] might well be able to prove a violation of Section 551, he has not alleged any plausible (even if attenuated) risk of harm to himself from such a violation–any risk substantial enough to be deemed 'concrete.'"); and *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (defendant gave extraneous FCRA disclosures, but complaint "contained no allegation that any of the additional

information caused [plaintiff] to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; no allegation that additional information caused him to be confused; and, no allegation that he was unaware that a consumer report would be procured.").

Courts in the Northern District of Illinois have similarly dismissed allegations of bare statutory violations without a showing of concrete harm. *See, e.g., Lindner v. Roti Rests., Ltd. Liab. Co.*, No. 17-cv-935, 2017 U.S. Dist. LEXIS 115110, at *9, 2017 WL 3130755 (N.D. Ill. July 24, 2017) ("this Court concludes, consistent with *Spokeo*, *Meyers*, and the cases cited above, that Plaintiffs have not suffered injury-in-fact sufficient to establish Article III standing."); *Vera*, 2017 U.S. Dist. LEXIS 38328, at *11, 2017 WL 1036509 (dismissing FCRA claim for lack of subject-matter jurisdiction); Ex. 3, *Hopkins v. Staffing Network Holdings, LLC*, No. 16 C 7907, 2016 U.S. Dist. LEXIS 146485, at *9 (N.D. Ill. Oct. 18, 2016) (dismissing FCRA claim where plaintiff "has not alleged that he signed the document by mistake, that he did not understand what he was signing, that he did not want to authorize that defendant receive a credit report, that the credit report contained inaccurate information, or that he was harmed in any other way.").

**3. Following precedent, this Court should dismiss the TILA allegations.**

The Complaint's primary allegations related to TILA are found in ¶ 32, which states only that "defendant failed to provide any of the TILA disclosures required for a loan . . . including the amount financed, the finance charge, the annual percentage rate, and the payment schedule." Dkt. 1, Compl. ¶ 32. The Complaint contains no allegations that Prayitno suffered—or risked suffering—any harm, or how Prayitno was harmed. Nor does the Complaint plead that the lack of TILA disclosures caused Prayitno to alter his behavior, which is essential to establishing injury. *See*, *e.g.*, *Strubel*, 842 F.3d at 193; Ex. 2, *Kelen*, 2016 U.S. Dist. LEXIS 175028, at *13.

Even if it could be inferred that Prayitno alleges harm, the allegation would still be deficient for two reasons. First, the "[m]ere incantations of concrete harm and material risk of concrete harm, or the purpose statement of TILA, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete injury," *see Schwartz*, 2017 U.S. Dist. LEXIS 3410, at *15–16, 2017 WL 95118 (internal quotation marks omitted). Second, "[a] procedural violation of the TILA provision may result in no concrete harm if the lender provides the omitted information through other means," *Jamison*, 194 F. Supp. 3d at 1028. Such is the case here. The Complaint alleges that Nextep failed to "provide the amount financed, the finance charge, the annual percentage rate, and the payment schedule," but Appendix A, attached to the Complaint, discloses that Nextep provided the amount financed and the payment schedule. *See* Dkt. 1-1 at p. 2 of 7. While the finance charge and APR are not indicated, courts have found similar allegations insufficient to demonstrate injury in-fact. *See, e.g., Schwartz,* 2017 U.S. Dist. LEXIS 3410 at *15, 2017 WL 95118 (dismissing complaint despite allegation that "[t]he failure to so furnish the amount of a potential Penalty APR . . . serves to impinge on consumers' awareness . . .").

Because Prayitno lacks standing, Count I should be dismissed under Rule 12(b)(1).[2]

**B. Because Count I Should Be Dismissed, the Court Should Decline Supplemental Jurisdiction Over Counts II and III**

Because the Court should dismiss Count I, the only federal claim, it should also relinquish supplemental jurisdiction over the pendent state-law claims of Counts II and III. The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. 1367(c)(3). In the

[2] While Nextep believes that this issue is properly resolved under Rule 12(b)(1), it moves to dismiss in the alternative under Rule 12(b)(6) for failure to state a claim and to "provide the defendant with fair notice of the claim's basis." *See Davidson v. PNC Bank, N.A.*, No. 1:16-cv-569-WTL-MPB, 2016 U.S. Dist. LEXIS 170523, at *2 n.1, 9-10, 2016 WL 7179371 (S.D. Ind. Dec. 9, 2016) (dismissing TILA claim under Rule 12(b)(6) where plaintiff failed to plausibly allege violation).

Seventh Circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Smith v. Ill. Sch. Dist. U-46*, 120 F. Supp. 3d 757, 777 (N.D. Ill. 2015) (quoting *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998)).

Certain exceptions exist, such as when the statute of limitations has run on the pendent state law claims, when substantial judicial resources have already been committed, or when it is absolutely clear how the pendent claims will be decided. *See United States ex rel. Frawley v. McMahon*, No. 11 CV 04620, 2015 U.S. Dist. LEXIS 423, at *28–29, 2015 WL 115763 (N.D. Ill. Jan. 5, 2015) (citation omitted). However, none of those exceptions apply here. The statutes of limitations on Counts II and III have not run and they can be re-filed in state court. Substantial judicial resources have not been committed to this case, as it is only at the motion to dismiss stage. And, it is not "absolutely clear" how the pendent state law claims will be decided, as this motion demonstrates. *See McMahon*, 2015 U.S. Dist. LEXIS 423, at *29, 2015 WL 115763 (dismissing state law claims and finding "no justification for departing from that 'usual practice,'" where plaintiffs could refile their claims in state court, the case was at the motion to dismiss stage, and the outcome of state claims remained uncertain). Counts II and III should therefore be dismissed for lack of subject matter jurisdiction.

**C. Count II Should Alternatively Be Dismissed on the Merits**

If the Court declines to relinquish jurisdiction over Count II, it should nevertheless be dismissed pursuant to Rule 12(b)(6), because even if the Transaction was not a lease, it was not a loan of money either. Instead, Nextep financed a sale: the repair of Prayitno's transmission. The Interest Act applies only to loans of money, and does not apply to the financing of the purchase of goods or services. In *Dennis v. Old Republic Ins. Co.*, 218 Ill. App. 3d 637, 640, 578 N.E.2d 1010, 1011 (1991), a consumer bought home improvement goods and services, and a bank

provided financing. The consumer agreed to make a series of payments to the bank, but then claimed that the method used by the bank to calculate interest violated the Interest Act. *Id*. at 641, 578 N.E.2d at 1012. The court reversed the trial court's denial of the lender's motion to dismiss, and stated "[i]t is well settled that the Interest Act applies to those contracts which in substance involve a loan of money and is not applicable where there is a *bona fide* sale of goods or services." *Id.* at 645-46, 578 N.E.2d at 1015-16. In *Budnick Converting, Inc. v. Nebula Glass Int'l, Inc.*, No. 09-cv-646-DRH, 2012 U.S. Dist. LEXIS 77430, at *10, 2012 WL 2017972 (S.D. Ill. June 5, 2012), a purchaser of goods was charged 18% interest. The court, citing *Computer Sales Corp. v. Rousonelos Farms, Inc.*, 190 Ill. App. 3d 388, 392, 546 N.E.2d 761, 763 (1989) stated "if the transaction involves a sale rather than a loan, it is not subject to the limitation on interest . . . The parties to the contract could agree that defendant would pay interest at a rate higher than the maximum rate provided in the usury statute." *Id.* at *12 (internal quotes omitted). Therefore, even if the Transaction was not a lease, it would be an installment sale, rather than a loan of money, and the Interest Act would not apply.

For the same reason, the CILA does not apply to the Transaction. The prohibitions of Section 1 of the CILA (which apply to unlicensed entities) only apply to entities engaged in the business of "making loans of money . . ." 205 ILCS § 670/1. The Transaction was not a loan of money, and therefore the CILA is not applicable. Because the Transaction was not a loan of money, as required for both the Interest Act and CILA, Count II should be dismissed.

**D. Count III Should Alternatively Be Dismissed on the Merits**

If the Court declines to relinquish jurisdiction over Count III, it should nevertheless be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Prayitno alleges that Nextep engaged in both

deceptive and unfair conduct under the ICFA. However, he fails to make adequate allegations under either prong.[3]

As this Court recently stated in *Clark v. Bumbo Int'l Trust*, No. 15 C 2725, 2017 U.S. Dist. LEXIS 137607, at *15, 2017 WL 3704825 (N.D. Ill. Aug. 28, 2017):

> The elements of a claim under the ICFA are: (1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception. *Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005) (citing *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151, 160, 267 Ill. Dec. 14 (Ill. 2002)). . . . Although reliance on an alleged misrepresentation is not an element of statutory consumer fraud, a plaintiff suing under the statute must show that the alleged fraud proximately caused her injury.

Prayitno has not pled, at minimum, element four (actual damage) or element five (proximate causation), and his ICFA claim should therefore be dismissed.

**1. Prayitno fails to allege the Actual Damage Element of the ICFA.**

"To prove damages [under the ICFA], 'a plaintiff must allege that she has been harmed in a concrete, ascertainable way.'" *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp 2d. 900, 911 (N.D. Ill. 2011) (quoting *Frye v. L'Oreal USA, Inc*. 583 F. Supp. 2d. 954, 957 (N.D. Ill. 2008)). In the present case, Prayitno has made no allegations that he was actually injured.

Where a complaint under the ICFA fails to allege actual damages, the plaintiff has no standing to sue, and therefore the complaint must be dismissed under Rule 12(b)(1) as well as under Rule 12(b)(6). *See Ibarrola*, 2014 U.S. Dist. LEXIS 95833, at *11, 13, 2014 WL 3509790 ("Thus, the Court dismisses [plaintiff's] . . . ICFA claims because she has not adequately alleged

[3] Allegations of fraud under the ICFA must comply with Rule 9(b)'s requirement that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." *See Ibarrola v. Kind, LLC,* No. 13 C 50377, 2014 U.S. Dist. LEXIS 95833, at *8, 2014 WL 3509790 (N.D. Ill. July 14, 2014). However, there is some authority that the heightened pleading standard does not apply to claims of "unfair," as opposed to "deceptive" conduct. *See Rodriguez v. Chase Home Fin., LLC*, No. 10 C 05876, 2011 U.S. Dist LEXIS 123166, at *6, 9-10, 2011 WL 5076346 (N.D. Ill. Oct. 25, 2011).

that she was harmed by [defendant's] representations and therefore has no standing."). Because Prayitno has made no allegations that he was actually injured, his ICFA claim should be dismissed.

**2. Prayitno fails to allege the Proximate Causation Element of the ICFA.**

To establish proximate causation under the ICFA, a plaintiff must show that he was, in some manner, deceived by the alleged misrepresentation. *Clark, supra*, 2017 U.S. Dist. LEXIS 137607, at *15, 2017 WL 3704825 (citing authority). Prayitno has not alleged that he was deceived. The closest he comes is to allege that "a purported 'lease' of services is nonsensical . . ." Dkt. 1, Compl. ¶ 16, but does not allege how the representation that the Transaction was a lease caused any loss. As such, Prayitno also fails to satisfy this element, and his ICFA claim should be dismissed.

**3. Prayitno's Allegations of Unfair Conduct Are Deficient for the Additional Reason that they Fail to Allege Violations of Public Policy, Oppressive Conduct, or Substantial Injury.**

Recovery may be had for unfair as well as deceptive conduct. *See Robinson v. Toyota Motor Credit Corp*., 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002); *see also Batson v. Live Nation Entm't, Inc*., 746 F.3d 827, 830 (7th Cir. 2014) ("A plaintiff may allege that conduct is unfair under [the ICFA] without alleging that the conduct is deceptive.") (citations omitted).

In determining whether particular conduct is unfair, the ICFA dictates that "consideration shall be given to the interpretations of the Federal Trade Commission [FTC] and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." 815 ILCS 505/2; *see also Robinson,* 201 Ill.2d at 417, 775 N.E.2d at 960; *Batson,* 746 F.3d at 830. The most important of those interpretations are the "*Sperry* factors," which the FTC has published and the Supreme Court has cited with approval. *Robinson,* 201 Ill.2d at 417, 775 N.E.2d at 960; *Batson,* 746 F.3d

at 830; *see also Federal Trade Comm'n v. Sperry & Hutchinson Co*., 405 U.S. 233, 92 S. Ct. 898 (1972). This Circuit has adopted the *Sperry* test. *See Batson*, 746 F.3d at 830.

The *Sperry* factors ask whether the practice (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. *Sperry*, 405 U.S. at 244 n.5; *see also Robinson*, 201 Ill.2d at 417-418, 775 N.E.2d at 961. *Robinson* held that "[a]ll three of the criteria in *Sperry* do not need to be satisfied to support a finding of unfairness." *Id.* at 418, 775 N.E.2d at 961; *see also Boyd v. U.S. Bank, N.A.*, 787 F. Supp. 2d 747, 751-52 (N.D. Ill. 2011) (citing additional Illinois state cases). Instead, "[a] practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Robinson*, 201 Ill. 2d at 418, 775 N.E.2d at 961 (citation omitted). Here, Prayitno has not alleged any of the criteria.

a. Public Policy

Plaintiff does not identify a public policy, other than to claim a violation of other statutes (the Interest Act and the Illinois criminal usury statute, 720 ILCS 5/17-59). Dkt. 1, Compl. ¶ 54. These cannot establish the type of public policy violation required. First, Nextep did not violate either statute. As discussed above, there was no violation of the Interest Act. Nor, even had the Transaction been a loan, would there have been any violation of the criminal usury statute. As with the Interest Act, the criminal usury statute does not apply to sale transactions. In *Gecht v. Suson*, 3 Ill. App. 3d 183, 188, 278 N.E.2d 193, 196-97 (1971), the court, citing *Contract Buyers League v. F & F Investment* (N.D. Ill. 1969), 300 F.Supp. 210 *aff'd on other gds*. 420 F.2d 1191 (7th Cir., 1970), *cert. denied*, 400 U.S. 821 (1970), stated "defendant cites Ill. Rev. Stat. 1965, ch. 38, par. 39 -- 1 [prior codification of 720 ILCS 5/17-59] in support of his contention that the judgment is tainted by criminal usury since the note provided for interest of 21% per annum and

therefore should be set aside. However, this section by its terms applies solely where there has been a loan of money or other property or the forebearance of collection of such a loan. This transaction was a purchase and sale, not a loan. Usury law does not apply to such transactions." (footnote omitted).

Second, Illinois courts hold that the ICFA is not an additional enforcement mechanism for other statutes. *See Laughlin v. Evanston Hosp*., 133 Ill.2d 374, 389-90, 550 N.E.2d 986, 993 (1990). The ICFA does have two sections which make the violation of other laws a violation of the ICFA—Sections 2E and 2Z[4]—but neither of those sections list either the Interest Act or the criminal usury statute (or the TILA for that matter). Prayitno is effectively asking this Court to add statutes to those two sections which the Illinois legislature chose to omit.

b. Immoral, Unethical, Oppressive, or Unscrupulous

*Batson* stated that "[t]he relevant inquiry here is whether a defendant's conduct is 'so oppressive as to leave the consumer with little alternative except to submit to it . . .'" 746 F.3d at 833 (citing *Robinson*, 775 N.E. 2d at 961). *Batson* held that "this element is not satisfied if a consumer can avoid the defendant's practice by seeking an alternative elsewhere. *See, e.g., Siegel v. Shell Oil Co.*, 612 F.3d 932, 936 (citing *Robinson* for the proposition that unfairness cannot be proved if plaintiff could have avoided the defendant's penalty provisions by going elsewhere to lease a car)." *Id.*

c. Substantial Injury to Consumers

[4] Section 2F of the ICFA does provide that "Any person who is held in any civil or criminal proceeding to have willfully and materially violated any Illinois statutory provision regulating the extension of credit to borrowers or designed to protect the consumer purchasing merchandise in a credit, as contrasted from a cash, transaction" violates the ICFA. However, there has been no such finding.

The third *Sperry* factor is met only if the injury is (1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) one that consumers themselves could not reasonably have avoided. *Siegel*, 612 F.3d at 935.

As discussed above, Prayitno has not alleged any damages, much less substantial damages. In addition, the harm complained of could have easily been avoided. In *Batson*, plaintiff complained that she was charged a parking fee as part of the price of a concert ticket. 746 F.3d at 829. The court upheld dismissal of the complaint, in part because the plaintiff could have avoided the harm complained of by choosing an alternative entertainment. *Id*. at 834-35. Similarly, Prayitno does not allege that he had no alternative to engaging in the Transaction. Because Prayitno has failed to plead the necessary requirements for either deceptive or unfair conduct under the ICFA, Count III of the Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Nextep requests that the Complaint be dismissed.

Dated: September 26, 2017

Respectfully submitted,

By: /s/ George Desh
One of its attorneys

Bruce N. Menkes (ARDC #6187337)
Danielle N. Twait (ARDC #6298748)
George V. Desh (ARDC #6305733)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1000
bmenkes@mandellmenkes.com
dtwait@mandellmenkes.com
gdesh@mandellmenkes.com
*Counsel for Defendant Nextep Funding LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on September 26, 2017, he filed the foregoing **Defendant's Memorandum In Support of Motion to Dismiss Plaintiff's Complaint – Class Action** with the Clerk of the Court via the ECF system, which automatically serves all registered parties.

/s/ George Desh