**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chan-Li Prayitno on behalf of plaintiff and the class members defined below, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 17-cv-4310 |
| v. | ) | Honorable Jorge L. Alonso |
| | ) | Magistrate Judge M. David Weisman |
| Nextep Funding LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT – CLASS ACTION**

The Amended Complaint alleges that a transmission shop in Illinois repaired a car owned by Plaintiff Chan-Li Prayitno ("Prayitno") and that defendant Nextep Funding LLC ("Nextep") financed the repairs (the "Transaction"). All three counts of the Amended Complaint arise from Prayitno's allegation that the Transaction, while documented as a consumer lease, was in fact a loan. Count I claims that Nextep failed to give the disclosures required under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (the "TILA") when certain loans are made. Count II claims that the payments to be made by Prayitno to Nextep would be usurious under the Illinois Interest Act, 815 ILCS § 205/1 *et seq*. (the "Interest Act") and the Illinois Consumer Installment Loan Act, 205 ILCS § 670/1, *et seq*. (the "CILA") if the Transaction were a loan. Count III alleges that styling the Transaction as a lease was a deceptive act and unfair practice under the Illinois Consumer Fraud Act, 815 ILCS §505/1 *et seq*. (the "ICFA").

Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") because it alleges only a "bare procedural violation," that is "divorced of any concrete harm," and therefore Prayitno lacks standing under the Supreme Court's recent decision in *Spokeo, Inc.*

*v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*"). Because Count I is the only predicate for federal question jurisdiction, the Court should decline supplemental jurisdiction over Counts II and III, which allege only state-law claims.

Counts II and III should also be dismissed for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Count II must be dismissed because even if the Transaction was not a lease, it was the financing of a sale of goods or services rather than a loan of money, and therefore the Interest Act and the CILA would not apply.

Count III fails to contain the required allegation the alleged deceptive and unfair acts proximately caused his injury. In addition, Prayitno fails to include allegations of violation of public policy, or oppressiveness or substantial injury, which are required when unfair (as opposed to deceptive) practices are claimed.

Because Plaintiff has already amended his Complaint once based on Nextep's previous motion to dismiss, Dkt. 28, and because the new allegations do not cure the deficiencies identified by Nextep, the Amended Complaint should be dismissed with prejudice.

## I. RELEVANT ALLEGATIONS OF THE AMENDED COMPLAINT

Prayitno alleges that he visited a transmission shop in February of 2017 to get his car repaired. Dkt. 31, ¶ 11. Because he did not have sufficient funds, the shop presented him with a contract from Nextep to provide financing. *Id.* at ¶ 14; Dkt. 31-1. The contract stated the amount financed and the repayment schedule. *See* Dkt. 31-1 at p. 2 of 7. Nevertheless, the Amended Complaint alleges that the contract, though titled a "lease" was in fact a loan, and that by calling it a "lease," Nextep was able to evade certain disclosure requirements and charge an impermissible interest rate. Dkt. 31, *e.g.*, ¶¶ 17, 36-39. Specifically, the Amended Complaint alleges that "[a]s a result of the excessive rate, the amounts paid and purportedly owed by plaintiff were and are greater than they otherwise would be[,]" *id.* at ¶ 33, and that "[b]ut for the

violations committed by defendant, plaintiff and the class members would have paid lower, competitive, lawful rates. Instead, plaintiff and the class members paid and are purportedly obligated to make payments at defendant's supracompetitive rates, causing financial loss equal to the difference," *id.* at ¶ 39, and that "[a]s a result of defendant's nondisclosure of the annual percentage rate, plaintiff was unable to determine that defendant's rate was exorbitant, noncompetitive and illegal until he encountered difficulty making the payments[.]" *Id.* at ¶ 40.[1]

## II. STANDARD OF REVIEW

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Vera v. Mondelez Glob. LLC*, No. 16 C 8192, 2017 U.S. Dist. LEXIS 38328, at *1-2, 2017 WL 1036509 (N.D. Ill. Mar. 17, 2017). Nevertheless, "'[w]here jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raise[d] the jurisdictional challenge[.]'" *Id.* at *2 (quoting *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)). Accordingly, "[t]he plaintiff must clearly allege facts demonstrating each element of standing to invoke federal jurisdiction." *McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 U.S. Dist. LEXIS 100404, at *5, 2016 WL 4077108 (N.D. Ill. Aug. 1, 2016) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *Id.* "To survive dismissal, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also be facially plausible." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted

[1] Class allegations are pled for each count, but they are not presently at issue, because on August 24, the Court denied Prayitno's class certification motion as premature.

unlawfully," and requires plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

## III. ARGUMENT

### A. Count I Should be Dismissed For Lack of Subject Matter Jurisdiction Because Plaintiff Lacks Standing

In *Spokeo*, the Supreme Court explained that in order to establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (citation and internal quotation marks omitted). Notably, the Court explained that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right[,]" and that a plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement" of standing. *Id.* at 1549.

#### 1. Numerous courts have dismissed bare allegations of procedural TILA violations following *Spokeo*.

While *Spokeo* dealt with the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"), "[p]ost-*Spokeo* decisions make clear that this requirement applies to TILA; that is, a complaint that alleges a technical TILA violation, but fails to allege a concrete or particularized injury, must be dismissed." Ex. 1, *Pemental v. Bank of N.Y. Mellon*, No. 16-483S, 2017 U.S. Dist. LEXIS 122971, at *18 (D.R.I. May 10, 2017).

In *Strubel v. Comenity Bank*, 842 F.3d 181, 185-186 (2d Cir. 2016), the plaintiff claimed violation of four specific TILA credit card billing-rights disclosure provisions. The Second Circuit focused on *Spokeo's* instruction that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* at 190 (quoting *Spokeo*, 136 S. Ct. at 1549). The court found standing for the first two of the alleged TILA violations, but not for the second two. *Id.* at 191-94. In pleading one of the two violations where the court determined that plaintiff lacked standing, plaintiff "[did] not assert that the allegedly flawed notice caused her credit behavior to be different from what it would have been had the credit agreement tracked the [proper language]." *Id.* at 193.

Subsequently, two district courts within the Second Circuit have dismissed TILA claims similar to those pled here. In Ex. 2, *Kelen v. Nordstrom, Inc.*, 2016 U.S. Dist. LEXIS 175028, at *13, 15 (S.D.N.Y. Dec. 16, 2016), the court found TILA allegations deficient where plaintiff "fail[ed] to allege that [defendant's] allegedly faulty disclosure caused her to alter her behavior in any way, or that [defendant] violated any obligation to her in connection with it." Similarly, in *Schwartz v. HSBC Bank USA, N.A.*, 2017 U.S. Dist. LEXIS 3410, at *15, 2017 WL 95118 (S.D.N.Y. Jan. 9, 2017), plaintiff alleged that "[t]he failure to so furnish the amount of a potential Penalty APR [required by the TILA] . . . serves to impinge on consumers' awareness . . . constituting a concrete harm and creating a material risk of concrete harm." The court dismissed the complaint because "'at the pleading stage, the plaintiff must clearly allege facts demonstrating each element' of standing," *id.* (quoting *Spokeo*, 136 S.Ct. at 1547), and "[m]ere incantations of concrete harm and material risk of concrete harm, or the purpose statement of

TILA, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete injury." *Id.* at *15-16 (citation an internal quotation marks omitted).[2]

While it does not appear that the Seventh Circuit or courts in the Northern District of Illinois have analyzed *Spokeo's* standing requirement in the context of TILA, they have dismissed claims of procedural violations of similar federal statutes for lack of standing. For example, the Seventh Circuit has found that there was no standing in *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 725, 727 (7th Cir. 2016) (merchant failed to truncate credit card number and wrote expiration date on receipt, but the allegations "demonstrate[d] that [plaintiff] did not suffer any harm . . . [n]or has the violation created any appreciable risk of harm."); *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 910, 911 (7th Cir. 2017) (where cable operator failed to destroy personally identifiable information, court reasoned that "while [plaintiff] might well be able to prove a violation of [statute], he has not alleged any plausible (even if attenuated) risk of harm to himself from such a violation–any risk substantial enough to be deemed 'concrete.'"); and *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (defendant gave extraneous FCRA disclosures, but complaint "contained no allegation that any of the additional information caused [plaintiff] to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; no allegation that additional information caused him to be confused; and, no allegation that he was unaware that a consumer report would be procured.").[3]

---

[2] Courts in other jurisdictions have similarly dismissed TILA claims based on *Spokeo*. *See, e.g.*, Ex. 1, *Pemental*, 2017 U.S. Dist. LEXIS 122971, at *17 ("arcing over all is Plaintiff's failure to allege actual, imminent, concrete and particularized injury-in-fact."); *Jamison v. Bank of Am., N.A.*, 194 F. Supp. 3d 1022, 1028-29, 1031 (E.D. Cal. 2016); and *Jamison v. Bank of Am., N.A.*, No. 2:16-cv-00422-KJM-AC, 2017 U.S. Dist. LEXIS 125512, at *13, 2017 WL 3394120 (E.D. Cal. Aug. 8, 2017) (dismissing amended TILA claim without leave to amend).

[3] Courts in the Northern District of Illinois have also dismissed allegations of bare statutory violations without a showing of concrete harm. *See, e.g.*, *Lindner v. Roti Rests., Ltd. Liab. Co.*, No. 17-cv-935,

**2. Prayitno fails to adequately allege injury-in-fact.**

The primary allegations of Count I related to injury are that "[a] consumer lender cannot openly charge 140% when its competitors advertise rates not exceeding 36% to 99%," Dkt. 31, ¶ 37, "[b]ut for the violations committed by defendant, plaintiff and the class members would have paid lower, competitive, lawful rates," *id.* at ¶ 39,[4] and "[a]s a result of defendant's nondisclosure of the annual percentage rate, plaintiff was unable to determine that defendant's rate was exorbitant, noncompetitive and illegal until he encountered difficulty making the payments," *id.* at ¶ 40. Such allegations are deficient under *Spokeo* for at least two reasons. First, Prayitno's implied allegation that Nextep's competitors' advertisement of rates "not exceeding 99%" would have forced down Nextep's "rate" is not plausibly supported. Section 17.2(b)(3) of the CILA does cap interest at 99% for certain types of loans, but many types of entities are exempt (s*ee* CILA §21), and are not limited in the amount of interest they can charge. As discussed below, there is also no limit what can be charged to finance the purchase of goods and services. In addition, Prayitno does not allege that any of those lenders would have made a loan to him (that would depend on numerous factors, including his creditworthiness). Prayitno also does not allege that he in fact shopped for credit, or that the transmission shop offered him the choice of a loan as an alternative to Nextep's lease.

2017 U.S. Dist. LEXIS 115110, at *9, 2017 WL 3130755 (N.D. Ill. July 24, 2017) ("this Court concludes, consistent with *Spokeo*, *Meyers*, and the cases cited above, that Plaintiffs have not suffered injury-in-fact sufficient to establish Article III standing."); *Vera*, 2017 U.S. Dist. LEXIS 38328, at *11, 2017 WL 1036509 (dismissing FCRA claim for lack of subject-matter jurisdiction); Ex. 3, *Hopkins v. Staffing Network Holdings, LLC,* No. 16 C 7907, 2016 U.S. Dist. LEXIS 146485, at *9 (N.D. Ill. Oct. 18, 2016) (dismissing FCRA claim where plaintiff "has not alleged that he signed the document by mistake, that he did not understand what he was signing, that he did not want to authorize that defendant receive a credit report, that the credit report contained inaccurate information, or that he was harmed in any other way.").

[4] As discussed below in Section III.D.1, Illinois courts have rejected this "market theory" of injury under the ICFA.

Second, courts have held that allegations that the plaintiff was deprived of the opportunity to comparison shop are inadequate. *Schwartz*, 2017 U.S. Dist. LEXIS 3410, 2017 WL 95118 is particularly instructive. In that case, the court concluded, without even reaching the issue of whether the type of harm alleged is cognizable as a concrete injury under *Spokeo*, that the "allegations of injury are conclusory and not plausibly pled." *Id.* at *11. There, the only allegations of injury were that:

- "[u]pon information and belief, the consumers of the Class suffered a concrete harm and a material risk of concrete harm because the Bank's omissions or misstatements impinged on their awareness of the cost of credit";
- "[t]he failure to so furnish the amount of a potential Penalty APR . . . serves to impinge on consumers' awareness of the cost of credit, constituting a concrete harm and creating a material risk of concrete harm"; and
- "[t]he Bank's omission . . . of the mandated . . . APR disclosure constituted a concrete harm and created a material risk of concrete harm[.]"

*Id.* at *15. The court held that even at the pleading stage, the plaintiff must clearly ***allege facts demonstrating each element of standing***," *id.* (*citing Spokeo*, 136 S. Ct. at 1547) (emphasis added), and that "[m]ere incantations of concrete harm and material risk of concrete harm, or the purpose statement of TILA, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete injury," *id.* at *15-16. The court thus granted defendants' motion to dismiss plaintiff's TILA claim under Rule 12(b)(1).

As in *Schwartz*, the allegations in the Amended Complaint are conclusory and not plausibly alleged. There is no allegation that Prayitno even shopped for credit, much less that he knew of other credit offers, but failed to apply for them because he did not understand that Nextep's lease was more expensive. The lack of any allegation that Prayitno altered his behavior bars him from establishing injury. *See, e.g.*, *Strubel*, 842 F.3d at 193; Ex. 2, *Kelen*, 2016 U.S. Dist. LEXIS 175028, at *13.

Moreover, Plaintiff's claims that "the amounts paid . . . were and are greater than they otherwise would be," *see* Dkt. 31, ¶ 33, that "rates would have been driven down to the competitive level by basic economic forces," *id.* at ¶ 37, and that "plaintiff and the class members would have paid the lower, competitive, lawful rates," *id.* at ¶ 39, are too speculative to establish the injury required for standing, since Plaintiff has not plausibly alleged why such things would occur in the market. *See, e.g., Ross v. AXA Equitable Life Ins. Co.*, 680 F. App'x 41, 46-47 (2d Cir. 2017) (finding allegations of an "increased risk that [defendants] will be unable to pay . . . in the event of an economic downturn" to be "too far down the speculative chain of possibilities," and affirming dismissal under *Spokeo*); *Vigil v. Take-Two Interactive Software, Inc.*, 235 F. Supp. 3d 499, 512 (S.D.N.Y. 2017) (allegations that defendant's "storage and dissemination practices have subjected [plaintiff's information] to an 'enhanced risk of harm' of somehow falling into the 'wrong hands,' . . . is too abstract and speculative to support standing."); *Jamison*, 2017 U.S. Dist. LEXIS 125512, at *11, 2017 WL 3394120 ("Plaintiff's . . . alleged harm of 'economic injury and emotional distress' is unsupported and similarly insufficient . . . In the absence of allegations supporting this assertion, the court need not assume such 'conclusory allegations' establish concrete injury.").

Finally, "[a] procedural violation of the TILA provision may result in no concrete harm if the lender provides the omitted information through other means," *Jamison*, 194 F. Supp. 3d at 1028. Such is the case here. The Amended Complaint alleges that Nextep failed to provide the amount financed, the finance charge, and the annual percentage rate, Dkt. 31, ¶ 43, but Appendix A, attached to the Amended Complaint, discloses that Nextep provided the amount financed. *See* Dkt. 31-1 at p. 2 of 7. While the finance charge and APR are not indicated, such allegations, as pled here, have been found insufficient to demonstrate injury in-fact. *See, e.g., Schwartz*,

2017 U.S. Dist. LEXIS 3410 at *15, 2017 WL 95118. As such, Count I should be dismissed under Rule 12(b)(1).[5]

### B. Because Count I Should Be Dismissed, the Court Should Decline Supplemental Jurisdiction Over Counts II and III

Because the Court should dismiss Count I, the only federal claim, it should also relinquish supplemental jurisdiction over the pendent state-law claims of Counts II and III. The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. 1367(c)(3). In the Seventh Circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Smith v. Ill. Sch. Dist. U-46*, 120 F. Supp. 3d 757, 777 (N.D. Ill. 2015) (quoting *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998)).

Counts II and III should therefore be dismissed for lack of subject matter jurisdiction.

### C. Count II Should Alternatively Be Dismissed on the Merits

The Court should also dismiss Count II pursuant to Rule 12(b)(6), because even if the Transaction was not a lease, it was not a loan of money either. Instead, Nextep financed a sale: the repair of Prayitno's transmission. The Interest Act applies only to loans of money, and does not apply to the financing of the purchase of goods or services. In *Dennis v. Old Republic Ins. Co.*, 218 Ill. App. 3d 637, 640, 578 N.E.2d 1010, 1011 (1991), a consumer bought home improvement goods and services, and a bank provided financing. The consumer agreed to make a series of payments to the bank, but then claimed that the method of payment violated the

[5] While Nextep believes that this issue is properly resolved under Rule 12(b)(1), it moves to dismiss in the alternative under Rule 12(b)(6) for failure to state a claim and to "provide the defendant with fair notice of the claim's basis." *See Davidson v. PNC Bank, N.A.*, No. 1:16-cv-569-WTL-MPB, 2016 U.S. Dist. LEXIS 170523, at *2 n.1, 9-10, 2016 WL 7179371 (S.D. Ind. Dec. 9, 2016) (dismissing TILA claim under Rule 12(b)(6) where plaintiff failed to plausibly allege violation).

Interest Act. *Id*. at 641, 578 N.E.2d at 1012. The court reversed the trial court's denial of the lender's motion to dismiss, and stated "[i]t is well settled that the Interest Act applies to those contracts which in substance involve a loan of money and is not applicable where there is a *bona fide* sale of goods or services." *Id.* at 645-46, 578 N.E.2d at 1015-16. In *Budnick Converting, Inc. v. Nebula Glass Int'l, Inc.*, No. 09-cv-646-DRH, 2012 U.S. Dist. LEXIS 77430, at *10, 2012 WL 2017972 (S.D. Ill. June 5, 2012), a purchaser of goods was charged 18% interest. The court, citing *Computer Sales Corp. v. Rousonelos Farms, Inc.*, 190 Ill. App. 3d 388, 392, 546 N.E.2d 761, 763 (1989) stated "if the transaction involves a sale rather than a loan, it is not subject to the limitation on interest . . . The parties to the contract could agree that defendant would pay interest at a rate higher than the maximum rate provided in the usury statute." *Id.* at *12 (internal quotes omitted). Therefore, even if the Transaction was not a lease, it would be an installment sale, rather than a loan of money, and the Interest Act would not apply.

For the same reason, the CILA does not apply to the Transaction. The prohibitions of Section 1 of the CILA (which apply to unlicensed entities) only apply to entities engaged in the business of "making loans of money . . ." 205 ILCS § 670/1. The Transaction was not a loan of money, and therefore the CILA is not applicable. Count II should be dismissed.

**D. Count III Should Alternatively Be Dismissed on the Merits**

Count III should also be dismissed pursuant to Rule 12(b)(6). Prayitno alleges that Nextep engaged in both deceptive and unfair conduct under the ICFA, but fails to make adequate allegations under either prong.[6]

[6] Allegations of fraud under the ICFA must comply with Rule 9(b)'s requirement that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." *See Ibarrola v. Kind, LLC*, No. 13 C 50377, 2014 U.S. Dist. LEXIS 95833, at *8, 2014 WL 3509790 (N.D. Ill. July 14, 2014). However, there is some authority that the heightened pleading standard does not apply to claims of "unfair," as opposed to "deceptive" conduct. *See Rodriguez v. Chase Home Fin., LLC*, No. 10 C 05876, 2011 U.S. Dist LEXIS 123166, at *6, 9-10, 2011 WL 5076346 (N.D. Ill. Oct. 25, 2011).

As this Court recently stated in *Clark v. Bumbo Int'l Trust*, No. 15 C 2725, 2017 U.S. Dist. LEXIS 137607, at *15, 2017 WL 3704825 (N.D. Ill. Aug. 28, 2017):

> The elements of a claim under the ICFA are: (1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception. *Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005) (citing *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151, 160, 267 Ill. Dec. 14 (Ill. 2002)). . . . Although reliance on an alleged misrepresentation is not an element of statutory consumer fraud, a plaintiff suing under the statute must show that the alleged fraud proximately caused her injury.

Prayitno has not pled element five (proximate causation).

**1. Prayitno fails to allege the proximate causation element of the ICFA.**

To establish proximate causation under the ICFA, a plaintiff must show that he was, in some manner, deceived by the alleged misrepresentation. *Clark*, *supra*, 2017 U.S. Dist. LEXIS 137607, at *15, 2017 WL 3704825 (citing authority). Prayitno's only allegation of causation is that he would have paid less, because Nextep would have been forced to reduce its alleged 140% rate to "the competitive level" of 99%. *See* Dkt. 31 at ¶¶ 37-39. However, the Illinois Supreme Court rejected a very similar claim in *Oliveira v. Amoco Oil Co*., 201 Ill. 2d 134, 151, 776 N.E.2d 151, 163 (2002). There, plaintiff claimed that an oil company had made misleading claims about its gasoline in advertisements, and that he paid an excessive amount because the advertisements created an "artificially inflated" price for gasoline he purchased. *Id.* at 140, 776 N.E.2d at 155. The court upheld the grant of the oil company's motion to dismiss because plaintiff had not alleged that he was deceived by the advertisements. *Id.* at 151, 776 N.E.2d at 163. *See also Shannon v. Boise Cascade Corp.* 208 Ill. 2d 517, 525, 805 N.E.2d 213, 217 (2004) (similarly upholding dismissal where plaintiff claimed that misleading advertising "created a market for [defendant's] product which would not otherwise exist"); *Oshana v. Coca Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) (citing *Oliveira* for proposition that proximate causation

has not been alleged where plaintiff does not allege that he was deceived). Here, Prayitno has not alleged that he was deceived, but that he paid "supracompetitive" rate. Dkt. 31, ¶ 39. That is the exact allegation of deception which was found inadequate in *Oliveira*, and therefore the ICFA claim should be dismissed.

**2. Prayitno's allegations of unfair conduct are deficient for the additional reason that they fail to allege the *Sperry* factors.**

Recovery may be had for unfair as well as deceptive conduct. *See Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002); *see also Batson v. Live Nation Entm't, Inc.*, 746 F.3d 827, 830 (7th Cir. 2014) ("A plaintiff may allege that conduct is unfair under [the ICFA] without alleging that the conduct is deceptive.") (citations omitted).

In determining whether conduct is unfair, the ICFA dictates that "consideration shall be given to the interpretations of the Federal Trade Commission [FTC] and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." 815 ILCS 505/2; *see also Robinson*, 201 Ill.2d at 417, 775 N.E.2d at 960; *Batson*, 746 F.3d at 830. The most important of those interpretations are the "*Sperry* factors," which the FTC has published and the Supreme Court has cited with approval. *Robinson*, 201 Ill.2d at 417, 775 N.E.2d at 960; *Batson*, 746 F.3d at 830; *see also Federal Trade Comm'n v. Sperry & Hutchinson Co.*, 405 U.S. 233, 92 S. Ct. 898 (1972). This Circuit has adopted the *Sperry* test. *See Batson*, 746 F.3d at 830.

The *Sperry* factors ask whether the practice (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. *Sperry*, 405 U.S. at 244 n.5; *see also Robinson*, 201 Ill.2d at 417-418, 775 N.E.2d at 961. *Robinson* held that "[a]ll three of the criteria in *Sperry* do not need to be satisfied to support a finding of unfairness." *Id.* at 418, 775 N.E.2d at 961; *see also Boyd v. U.S. Bank, N.A.*, 787 F. Supp. 2d 747, 751-52 (N.D. Ill. 2011) (citing additional Illinois state cases). Instead, "[a] practice may be

unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Robinson*, 201 Ill. 2d at 418, 775 N.E.2d at 961 (citation omitted). Here, Prayitno has not alleged any of the criteria.

a. Public Policy

Plaintiff does not identify a public policy, other than to claim a violation of other statutes (the Interest Act and the Illinois criminal usury statute, 720 ILCS 5/17-59). Dkt. 31, ¶ 65(a). These cannot establish the type of public policy violation required. First, Nextep did not violate either statute. As discussed above, there was no violation of the Interest Act. Nor was there a violation of the criminal usury statute, because the criminal usury statute also does not apply to sale transactions, as explained in *Gecht v. Suson*:

> [D]efendant cites Ill. Rev. Stat. 1965, ch. 38, par. 39 -- 1 [prior codification of 720 ILCS 5/17-59] in support of his contention that the judgment is tainted by criminal usury since the note provided for interest of 21% per annum and therefore should be set aside. However, this section by its terms applies solely where there has been a loan of money or other property or the forbearance of collection of such a loan. This transaction was a purchase and sale, not a loan. Usury law does not apply to such transactions.

3 Ill. App. 3d 183, 188, 278 N.E.2d 193, 196-97 (1971) (citation and footnote omitted).

Second, Illinois courts hold that the ICFA is not an additional enforcement mechanism for other statutes. *See Laughlin v. Evanston Hosp.*, 133 Ill.2d 374, 389-90, 550 N.E.2d 986, 993 (1990). The ICFA does have two sections which make the violation of other laws a violation of the ICFA—Sections 2E and 2Z[7]—but neither of those sections list either the Interest Act or the criminal usury statute (or the TILA for that matter). Prayitno is effectively asking this Court to add statutes to those two sections which the Illinois legislature chose to omit.

[7] Section 2F of the ICFA does provide that "Any person who is held in any civil or criminal proceeding to have willfully and materially violated any Illinois statutory provision regulating the extension of credit to borrowers or designed to protect the consumer purchasing merchandise in a credit, as contrasted from a cash, transaction" violates the ICFA. However, there has been no such finding.

b. Immoral, Unethical, Oppressive, or Unscrupulous

*Batson* stated that "[t]he relevant inquiry here is whether a defendant's conduct is 'so oppressive as to leave the consumer with little alternative except to submit to it . . .'" 746 F.3d at 833 (citing *Robinson*, 775 N.E. 2d at 961). *Batson* held that "this element is not satisfied if a consumer can avoid the defendant's practice by seeking an alternative elsewhere. *See, e.g.*, *Siegel v. Shell Oil Co.*, 612 F.3d 932, 936 (citing *Robinson* for the proposition that unfairness cannot be proved if plaintiff could have avoided the injury by going elsewhere to lease a car)." *Id.* Prayitno has not alleged that he lacked any alternatives to Nextep's lease.

c. Substantial Injury to Consumers

The third *Sperry* factor is met only if the injury is (1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) one that consumers themselves could not reasonably have avoided. *Siegel*, 612 F.3d at 935.

The harm Prayitno complains of could have easily been avoided. In *Batson*, plaintiff complained that she was charged a parking fee as part of the price of a concert ticket. 746 F.3d at 829. The court upheld dismissal of the complaint, in part because the plaintiff could have avoided the harm complained of by choosing an alternative entertainment. *Id*. at 834-35. Similarly, Prayitno does not allege that he had no alternative to engaging in the Transaction. Because Prayitno has failed to plead the necessary requirements for either deceptive or unfair conduct under the ICFA, Count III of the Amended Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Nextep requests that the Amended Complaint be dismissed.

Dated: October 27, 2017

Respectfully submitted,

By: /s/ *Bruce Menkes*
One of its attorneys

Bruce N. Menkes (ARDC #6187337)
Danielle N. Twait (ARDC #6298748)
George V. Desh (ARDC #6305733)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1000
bmenkes@mandellmenkes.com
dtwait@mandellmenkes.com
gdesh@mandellmenkes.com
*Counsel for Defendant Nextep Funding LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant's Memorandum In Support of Motion to Dismiss Plaintiff's Amended Complaint – Class Action** has been filed on October 27, 2017 via the ECF system, which automatically serves all registered parties.

/s/ *Bruce Menkes*